**FILED**
**Feb 24, 2020**
**09:35 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **CLIFTON HOLLAND,** | ) | **Docket No. 2019-05-0575** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **GOODMAN GLOBAL, INC,** | ) | **State File No. 22705-2019** |
| **INC.,** | ) | |
| **Employer,** | ) | |
| **And** | ) | |
| | ) | |
| **INS. CO. OF NORTH AM.** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER GRANTING REQUESTED BENEFITS

---

This case came before the Court on February 20, 2020, for Mr. Holland's second Expedited Hearing. The sole issue was whether Mr. Holland is entitled to temporary disability benefits. For the reasons below, the Court holds he is likely to prove entitlement to the requested benefits.

### History of Claim

In its previous Expedited Hearing Order, the Court found that Mr. Holland is likely to prevail at a hearing on the merits that he sustained a compensable knee injury on January 15, 2019, and that he gave adequate legal notice of that injury. It ordered Goodman to provide continuing medical treatment with Dr. Stanton Davis. However, the Court denied Mr. Holland's request for temporary disability benefits for the following reasons:

- Temporary total disability (TTD) benefits were not proper because the Court lacked evidence that any of Mr. Holland's physicians took him completely off work.

1

- Temporary partial disability (TPD) benefits could not be awarded because, even though Dr. Davis assigned a number of restrictions on April 24, the parties submitted no evidence regarding Mr. Holland's employment status or whether Goodman offered him work within those restrictions.

At the second hearing, the parties confirmed that Goodman complied with the previous order and authorized Mr. Holland's knee surgery, which Dr. Davis performed on November 15, 2019. Goodman also began paying TTD benefits at that time. Consequently, the parties agreed the benefits currently at issue are temporary disability benefits for the period before the surgery.[1]

Mr. Holland submitted a new affidavit and testified at the second hearing. Goodman offered no additional evidence.[2] Mr. Holland said that, after Dr. Davis assigned restrictions, Goodman allowed him to work restricted duty until June 25. At that time, he was given an email from Goodman's Attendance Coordinator that sent him home and informed him that he could not return to work until he was released to full duty without restrictions. He left work that day and did not work for any other employer.

Mr. Holland requested temporary disability benefits for the period of time Goodman failed to accommodate his restrictions. Goodman contended that Mr. Holland is not entitled to additional temporary disability benefits. It argued that the Court previously held "there is no medical proof holding him off work," and Mr. Holland failed to present any additional evidence on this issue.

**Findings of Fact and Conclusions of Law**

Mr. Holland must provide sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

*Temporary Total Disability*

To receive TTD benefits, Mr. Holland must establish that (1) he became disabled from working due to a compensable injury; (2) a causal connection between his injury and his inability to work; and (3) his period of disability. *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). Mr. Holland presented no additional medical proof indicating that his physicians took him completely off work. Without evidence that he was "disabled from working," Mr. Holland has not

---

[1] The parties previously stipulated to a weekly compensation rate of $501.43.
[2] The Court advised that parties that it intended to rely on previously-admitted exhibits as evidence in this hearing rather than requiring them to reintroduce the same exhibits. Neither party objected.

proven he is likely to succeed on a claim for temporary total disability benefits.

*Temporary Partial Disability*

Temporary partial disability benefits are available when the temporary disability is not total. Specifically, TPD "refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery." *Id.* An employee may receive TPD benefits when the treating physician has him to return to work with restrictions but the employer either (1) cannot return the employee to work within those restrictions or (2) cannot provide restricted work that pays the employee's average weekly wage on the date of injury. *Id.* at *8. Those benefits are "sixty-six and two-thirds percent (66 2/3%) of the difference between the average weekly wage of the worker at the time of the injury and the wage the worker is able to earn in the worker's partially disabled condition." Tenn. Code Ann. § 50-6-207(2)(B).

Contrary to Goodman's assertions, Mr. Holland's TPD claim did not fail at the first hearing because of a lack of medical proof. As noted above, the Court specifically stated in its previous order that Dr. Davis assigned a number of restrictions (no squatting, twisting, or climbing) when he saw Mr. Holland on April 24. Instead, the Court denied the TPD request because it had no evidence regarding Mr. Holland's employment status and whether Goodman offered him work within his restrictions. He has now remedied that deficiency.

Mr. Holland's affidavit and testimony establish that Goodman terminated his light-duty work on June 25 and told him not to return "until he is released to full duty without restrictions." Based on this unrebutted evidence, the Court finds that Goodman either could not or would not return him to work within his restrictions between June 26 and November 15. Mr. Holland appears likely, therefore, to succeed on his claim for TPD benefits for that time period.

**IT IS, THEREFORE, ORDERED** as follows:

1. Goodman shall pay Mr. Holland temporary partial disability benefits for the period June 26, 2019, to November 15, 2019, at the stipulated compensation rate of $501.43 per week or $10,243.50.

2. This case is set for a Scheduling Hearing on May 7, 2020, at 9:00 a.m. You must call toll-free at 855-874-0473 to participate. Failure to call might result in a determination of the issues without your further participation. All conferences are set using Central Time.

3. Unless an interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry

of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit confirmation within seven business days may result in a penalty assessment for non-compliance. For questions regarding compliance, contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED February 24, 2020.**

_____

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits
1. November 11, 2019 Affidavit of Clifton Holland
2. June 25, 2019 Email from Tracy Legacy

Exhibits from prior hearing:
1. Affidavit of Clifton Holland
2. Records from The Orthopedic Center
3. Records from NP Conan Carter
4. Goodman medical report forms
5. MRI report of April 4, 2019
6. Written witness statements  (Identification Only)
7. Notice of Denial of Claim
8. Wage Statement
9. Employee's Report of Incident
10. Choice of Physician Form

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. September 11, 2019 Expedited Hearing Order
4. November 20, 2019 Request for Expedited Hearing
5. October 17, 2019 Expedited Hearing Order

**CERTIFICATE OF SERVICE**

I certify that a copy of the Expedited Hearing Order was sent as indicated on February 24, 2020.

| Name | Certified Mail | Via Email | Service Sent To |
|---|---|---|---|
| Clifton Holland | X | X | 98 Slatton Rd.<br>Flintville, TN 37335<br>Cholland8638@live.com |
| Peter Rosen, Employer's Attorney | | X | prosen@vkbarlaw.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s) (Requesting Party):** _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*